UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>THOMAS B. ADAMS, JR. | Crim. Action No. 21-354 (APM) |

### MEMORANDUM IN AID OF RESENTENCING

Mr. Adams respectfully requests a sentence of time served. This Court concluded back in January that, if Mr. Adam's § 1512(c)(2) conviction was vacated, a sentence of time served was appropriate. Mr. Adam's § 1512(c)(2) conviction has since been vacated and, while on release pending appeal, Mr. Adams has worked diligently to rebuild his life. A time served sentence remains appropriate.

**I.      Background**

This Court is familiar with the facts surrounding Mr. Adams's case. Mr. Adams came to Washington, D.C. at the invitation of President Trump, went to the Capitol, entered through an open door, and walked into the Senate chamber along with many other people. During the five minutes he spent inside the chamber, Mr. Adams took pictures and video of the room on his cell phone. When asked to leave by law enforcement, he did so. Mr. Adams was not violent or destructive.

For his conduct, Mr. Adams was originally convicted under 18 U.S.C. §§ 1512(c)(2) and 1752(a)(1) and received a sentence of 14 months incarceration, 36 months supervised release, and $2,000 in restitution. Mr. Adams appealed in order to challenge his conviction under § 1512(c)(2). While his appeal was pending, the Supreme Court decided *Fischer v. United States*, holding that § 1512(c)(2) requires proof that the defendant impaired or attempted to impair "the availability or

1

integrity for use in an official proceeding of records, documents, objects, or . . . other things used in the proceeding." 144 S. Ct. 2176, 2190 (2024). The parties agree Mr. Adams's conduct does not meet the elements of § 1512(c)(2) as clarified by the Supreme Court's *Fischer* decision. The D.C. Circuit, on a joint motion from the parties, vacated Mr. Adams's conviction, and the government has committed to dismissing Mr. Adams's § 1512 charge.

While Mr. Adams's appeal was pending, this Court also granted Mr. Adams's motion for release pending appeal. This Court held that, without the § 1512(c)(2) conviction, Mr. Adams's Guidelines range would be much lower: 1 to 7 months rather than 30 to 37 months. It also held that, considering the § 3553(a) factors, it would sentence Mr. Adams to no more incarceration than he had already served at the time of its decision, which was 5 months incarceration. Mr. Adams has been on release pending appeal since January 11, 2024. Therefore, Mr. Adams has currently served a total of 5 months incarceration and the equivalent of 9 months supervised release.

## II.     Legal Standards

When the D.C. Circuit "vacates one count of a multi-count conviction, the district court on remand should begin by determining whether that count affected the overall sentence and, if so, should reconsider the original sentence it imposed." *United States v. Blackson*, 709 F.3d 36, 40 (D.C. Cir. 2013). "[T]he district court may also consider 'such new arguments or new facts as are made newly relevant by the court of appeals' decision—whether by the reasoning or by the result.'" *Id.* (citing *United States v. Whren*, 111 F.3d 956, 960 (D.C. Cir. 1997)). In addition, "the district court is . . . authorized to consider facts that did not exist at the time of the original sentencing. . . [such as] rehabilitation efforts that the defendant had undertaken since receiving his original sentence." *Id.* (citing *Rhodes*, 145 F.3d 1375, 1377-78 (D.C. Cir. 1998)).

### III. This Court should impose a sentence of time served

This Court has already effectively made the resentencing decision. As this Court explained in its decision granting Mr. Adams's motion for release pending appeal:

> The applicable guidelines range . . . look[s] quite different without a § 1512(c)(2) felony conviction. The base offense level for Count Two is a four. U.S.S.G. § 2B2.3(a) (trespass). Two points would be added because the entry occurred on a "restricted building or grounds." *Id.* § 2B2.3(b)(1)(A)(vii). [Mr. Adams] would not receive a reduction for acceptance of responsibility . . . resulting in a total offense level of six. With a Criminal History Category of III, the applicable guidelines range would be two to eight months in Zone B. For variance purposes, the court would treat [Mr. Adams's] Criminal History as Category II, . . . resulting in a guidelines range of one to seven months in Zone B.[1]

*United States v. Adams*, No. 21-CR-354 (APM), 2024 WL 111802, at *3 (D.D.C. Jan. 10, 2024).

This Court went on to explain that, in determining Mr. Adams's sentence, it had originally varied below the Guidelines due "to [Mr. Adams's] history and characteristics, including the obstacles he overcame in life and his work accomplishments." *Id.* at *4. It recognized that "[t]hat factor would again play a sizeable role in any resentencing." *Id.* "Moreover, the court also varied to avoid unwarranted disparities." *Id.* "This [C]ourt consistently has imposed sentences of short terms of incarceration (90 days or less) or probation with home confinement for January 6 defendants convicted only of a misdemeanor." *Id.* According to this Court, Mr. Adams's conduct "is distinguishable from those defendants because he entered the Senate chamber on January 6, and the court was troubled by the public statements he made denying responsibility after his stipulated trial. Still, weighing all of the § 3553(a) factors," this Court explained that the proper sentence for Mr. Adams's conduct was time served. *Id.*

---

[1] No variance from the Guidelines is needed on resentencing because, "[u]nder § 1B1.11 of the Guidelines, . . . resentencing occurs under the version of the Guidelines in effect at the time of resentencing unless such an application would violate the ex post facto clause of . . . the Constitution." *United States v. Clark*, 8 F.3d 839, 844 (D.C. Cir. 1993).

This remains true today. The serious and tragic adversity Mr. Adams has faced over the course of his life remains the same. *See* PSR, ECF No. 64 at ¶¶ 84, 85; Sentencing Memo., ECF No. 69 at 17-21. So have his efforts to overcome that adversity and be a productive member of society. Mr. Adams served 5 months and 6 days incarceration before his release.[2] He has been on release pending appeal for nine months. In his time on release, Mr. Adams has worked to rebuild his life. He is again gainfully employed with JP's Lawn Care, which rehired Mr. Adams following his incarceration. He is taking classes in sales. He continues to care for his dog, an American Bully named Spotlyt. He is captain of several pool teams and participates regularly in charity tournaments. He has also worked to reconnect with his living children.

These factors all support the time served sentenced this Court has indicated it plans to impose. The Court did not address the appropriate term of supervised release in its release pending appeal decision. However, those factors also counsel in favor of the imposition of no additional term of supervised release. By law, the maximum term of supervised release this Court may impose is one year and any term of supervision is optional. *See* 18 U.S.C. § 3583(b)(3) (authorized term of supervised release for a misdemeanor is not more than one year); U.S.S.G. § 5D1.1(b) (if a sentence of imprisonment of one year or less is imposed, a term of supervised release is optional). Mr. Adams was on supervision for nearly two and a half years pretrial and has effectively been on supervised release for the last nine months. No additional term of supervised release is necessary, and would serve only as punishment, an impermissible consideration under the law. *See* 18 U.S.C. § 3583(c) (listing the factors that should be considered when imposing a term of supervised release and omitting punishment as a consideration); U.S.S.G. § 5D1.1 comm. 3 (similar).

---

[2] Mr. Adams began serving his sentence on August 5, 2023. This Court ordered his release on January 10, 2024, and Mr. Adams was released by BOP the following day. *See* Mem. Op. and Order, ECF Nos. 85 and 86.

The government, for its part, has asked this Court to sentence Mr. Adams to the statutory maximum of 12 months incarceration plus the statutory maximum of 12 months supervised release. *See* Gov. Resentencing Memo, ECF No. 96. Its sentencing memorandum has offered no persuasive reason for doing so. The government repeats the same argument it has made at every stage of this case: that January 6th was unprecedented so Mr. Adams should receive a long sentence. But this Court was well aware of the nature of January 6 when it varied downward in Mr. Adams's initial sentencing and remained well aware when it concluded a within-Guidelines sentence of 5 months was sufficient in granting Mr. Adams's motion for release pending appeal. Nothing about the government's argument for an upward variance focuses on Mr. Adams's conduct in particular, nor acknowledges—much less engages with—the considerably mitigating factors this Court has repeatedly identified.

Indeed, the government's motion consistently relies on sentencing decisions made in cases involving other felony offenses. *See id.* at 9-13 (repeatedly relying on opinions involving 18 U.S.C. § 231). But, as this Court has already recognized, Mr. Adams is "a misdemeanant, not a felon" now. *Adams*, 2024 WL 111802, at *4. Those so-called comparators are, therefore, inapposite.

## CONCLUSION

For the foregoing reasons and such others as may be presented at the sentencing hearing, Mr. Adams respectfully requests that the Court impose a sentence of time served.

                        Respectfully submitted,

                        A. J. KRAMER
                        FEDERAL PUBLIC DEFENDER

                              /s/
                        _____

                        Courtney L. Millian
                        Diane Shrewsbury
                        Assistant Federal Public Defenders
                        625 Indiana Avenue, N.W., Suite 550
                        Washington, D.C.  20004
                        (202) 208-7500